## CHRISTENSEN v. HILLMAN PERIODICALS, Inc., et al.

United States District Court
S. D. New York.

April 11, 1952.

148

Spence, Hotchkiss, Parker & Duryee, New York City, Vincent J. Malone, Robert T. Tate, New York City, Angelo A. Maurino, Brooklyn, of counsel, for plaintiff.

Alfred H. Wasserstrom, New York City, for defendants.

GODDARD, District Judge.

This is a motion for summary judgment by the defendants Hillman Periodicals Incorporated, and Crime Detective, Inc.

Suit was filed on January 29, 1951 to recover damages for an alleged libel published in the defendants' March, 1950, issue of the monthly magazine "Crime Detective".

Defendants deny the libel and plead the one-year statute of limitations provided by the New York Civil Practice Act, Section 51(3). They assert that the March issue was actually published on or before January 25, 1950 and that suit was not brought until more than a year had expired. Defendants' have submitted affidavits to the effect that part of the March issue was distributed to the general retail public on January 25, 1950. These affidavits are challenged by the plaintiff, who attacks them on several grounds including the credibility of the makers of the affidavits. Plaintiff urges that to decide the important question of the date of publication upon affidavits would be unfair and deprive the plaintiff of the right to cross-examine those who made the affidavits. The Court of Appeals for this Circuit, in Colby v. Klune, 178 F. 2d 872, strongly disapproved of "trial by affidavit", and said—

"When * * * the ascertainment (as near as may be) of the facts of a case turns on credibility, a triable issue of fact exists, and the granting of a summary judgment is error." 178 F.2d at page 873.

Of course, where there is no issue of fact, a motion for summary judgment may be appropriate.

In passing upon a motion for summary judgment when there is a disputed fact, it would seem illogical, at least, to accept as definite and conclusive proof of that fact, affidavits which would not be admissible as evidence at a trial.

The question as to date of the publication should be left for determination after trial when the witnesses may be seen and cross-examined.

Motion for summary judgment is denied.

Settle order on notice.